El Pueblo de Puerto Rico, demandante y apelado, *v.* Juan
Rivera Cruz, acusado y apelante.

No. 2603.—*Resuelto:* Noviembre 6, 1925.

Derecho Penal—Apelación y Error y Certiorari—Récord y Procedimientos
que no Están en Récord—Transcripción de la Evidencia.—Sólo cuando
el juez inferior finalmente imparte su aprobación a la transcripción de la
evidencia, es que ésta entra a formar parte del legajo de la sentencia y puede
servir de base para resolver el recurso por los méritos de dicha prueba.

Moción sobre corrección de autos en apelación. *Sin lugar.*

*F. Rivera Almodóvar,* abogado del apelante; *José E. Figueras,* abo-
gado de *El Pueblo,* apelado.

El Juez Presidente Señor del Toro, emitió la opinión del
tribunal.

El 31 de julio último quedó archivada en la Secretaría
de esta Corte Suprema la transcripción de esta apelación.
Contiene copias certificadas de la acusación, del fallo y la
sentencia y del escrito de apelación.

El 20 de agosto siguiente el apelante presentó un docu-
mento de ocho páginas que termina así: "Certifico: Que
lo que antecede es una copia fiel y exacta de lo actuado en
el acto de la vista de este caso, y a petición de parte inte-
resada, libro la presente en San Juan, P. R., hoy día 4 de
agosto de 1925. (Fdo.) J. Comas Vera, Taquígrafo de la
Corte.—Segundo Distrito," y pidió que se resolviera el re-
curso entrando en el mérito de las pruebas bajo la base del
documento presentado.

Dicen los párrafos 4, 6 y 7 del artículo 356 del Código
de Enjuiciamiento Criminal, tal como quedó enmendado por
la ley No. 4 de 1925, Leyes de 1925, página 109:

"En lugar de preparar el pliego de excepciones o la exposición
de la causa, a que se ha hecho referencia anteriormente, con el fin
de que se revise en grado de apelación cualquier materia u orden
revisable en la apelación de una sentencia final, en causa criminal,
podrá radicarse por el acusado-apelante o por su abogado, o por el
fiscal del distrito, en el caso de que El Pueblo de Puerto Rico fuere
el apelante, en poder del Secretario de la corte de cuya sentencia,
orden o resolución se hubiere apelado, un escrito solicitando que se

haga y prepare una transcripción de las declaraciones ofrecidas y
tomadas, de las pruebas ofrecidas y practicadas y de todas las reso-
luciones, actos o manifestaciones de la corte, así como de todas las
objeciones y excepciones del fiscal del distrito y del abogado del
acusado, y cuestiones o materias que con la misma se relacionen.
Dicho escrito deberá presentarse dentro de diez días después de ha-
berse archivado la apelación.  Al recibir dicho escrito, será el de-
ber de la corte ordenar al taquígrafo de la misma que transcriba
fiel y completamente el récord taquigráfico del juicio.  El taquígrafo
dentro de los veinte días después de haberse así ordenado por la
corte deberá preparar una transcripción de las notas taquigráficas
del juicio, incluyendo en dicha transcripción copia de todos los do-
cumentos ofrecidos y admitidos como prueba y de cualquiera otra
materia que se hubiere solicitado en el escrito, que se incluyan en la
transcripción, y entregará ésta al secretario de la referida corte.

*　　*　　*　　*　　*　　*　　*

"Archivado el pliego de excepciones o exposición del caso o trans-
cripción de la evidencia, en la secretaría de la corte, el secretario
dará el mismo día o al siguiente cuenta de ello al juez y éste fijará
la fecha en que ante él deberán comparecer el acusado o su abogado
y el fiscal del distrito para la aprobación de dicho pliego, exposición
o transcripción de la evidencia.

"Celebrada esa comparecencia, la corte, tomando en considera-
ción las manfestaciones hechas por dichas partes y las resultancias
del pliego de excepciones, exposición o transcripción, en su caso,
hará las correcciones que estime oportunas y le impartirá su apro-
bación a dicho pliego de excepciones, exposición o transcripción de
la evidencia, certificando el juez al pie del mismo su contenido tal
como lo haya aprobado y pasará en tal forma dicho pliego de ex-
cepciones, exposición o transcripción de la evidencia a formar parte
del legajo de la sentencia."

No basta, pues, la simple certificación del taquígrafo.
El taquígrafo prepara la transcripción y la certifica, pero
esa transcripción certificada es sometida luego al proceso
que clara y detalladamente marca la ley que dejamos trans-
crita, y sólo cuando la ley se ha cumplido y el juez final-
mente imparte su aprobación, es que la transcripción entra
a formar parte del legajo de la sentencia y puede servir de
base para que la Corte Suprema considere los méritos del
caso.

*Siendo ello así, debe declararse sin lugar la moción del apelante.*

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.